Defendant, Donald C. Dickson, has appealed from a judgment of $176.66 rendered against him in this litigation which is the outgrowth of a collision involving his Studebaker automobile, driven by his nineteen-year old son Warrick Dickson, and a Ford sedan owned and operated by plaintiff, Young Brown.
The award in favor of plaintiff was for the damages sustained by his car.
The accident occurred about 2:30 o'clock of the afternoon of August 25, 1940, on Kings Highway in the City of Shreveport. Clear weather prevailed at the time, and the pavement was dry.
The named thoroughfare runs generally east and west, and is intersected on its north side by Elm Street. A short distance east of the intersecting street it curves in a southeasterly direction. On its south side, a few feet west of said intersection, is a filling station. A vacant lot surfaced with gravel lies immediately west of the station; and in front of both is a concrete runway that extends on a gentle decline to the street pavement's edge.
Defendant's Studebaker was proceeding westerly on Kings Highway, and, after negotiating the mentioned curve and while at or about the Elm Street intersection, it sought to pass to the left of a trolley bus that was headed in the same direction. The Ford car belonging to plaintiff was at the time approaching from the west.
When alongside the trolley, the Studebaker suddenly changed its course and turned left across the path of travel of the Ford and toward the south. According to defendant's son, this maneuver was attempted because he believed a passage between the vehicle on his right and the oncoming automobile to be impossible of attaining. Each car, it appears, was enjoying a speed of approximately 30 miles an hour.
Then followed the collision, in which the right front wheel of the Ford crashed into the right side of the Studebaker at about the front door. The latter, with its rear end skidding toward the left, went upon the graveled vacant lot, executed a half turn, and stopped facing north. The Ford came to a halt in the street, headed southeasterly, with the right front wheel being close to the curb line and the right rear wheel resting four or five feet therefrom.
According to a police officer who investigated the accident, offered as a defense witness, there were two sets of skid marks made by the Ford. Stated he: "* * * looked as if the driver of the Ford put on his brakes, then released them and put them on again." He further stated: "The *Page 563 
front, the first skid marks were probably eight or nine feet, then a space about eight or nine feet where there were no marks, then another space where the skid marks were, about, probably fifteen paces, twelve or fifteen paces and stopped."
Regarding those marks, defendant testified: "* * * and I stepped it off carefully and my pace is a yard each and they were nineteen paces, the skid marks grew heavier and when it got right almost opposite the point of collision they turned sharply to the right, Mr. Brown's car was traveling about in the middle of his side of the street which put his right front tire about five feet from the curb line or gutter, they didn't turn to the right more than perhaps a foot in the sixty feet until they got right opposite the point of collision, then they turned very sharp in and his front wheel was sitting right where the curb should have been."
It is the contention of plaintiff that the collision resulted from negligence of defendant's son:
"(a) In attempting to pass the trolley without making sure that there was no oncoming vehicles, such as your petitioner.
"(b) In driving across Kings Highway and on to the left side of the street, and consequently into the path of your petitioner.
"(c) In failing to keep a proper lookout.
"(d) In suddenly and without warning swerving into the path of your petitioner who was proceeding lawfully and legally along Kings Highway."
Defendant's position is:
(a) That "when the driver of the defendant's car ascertained that the plaintiff was coming at a very rapid rate of speed toward him and that the trolley had picked up speed to such an extent that he could neither get in front of it or behind it, there was no other course to pursue but to get off the street, but as the plaintiff did not give ground in any way by pulling over to the curb or slackening his speed, there was no other opportunity but as said above — that was to get off of the street."
(b) That plaintiff drove the Ford "against the Studebaker automobile driven by Warrick Dickson while same was off of Kings Highway, and after the said Studebaker car had reached a place of safety on the adjacent open filling station lot."
(c) That "if plaintiff had continued in a straight course on his side of the street, he would have missed the defendant's car entirely and there would have been no accident as the defendant's car had gotten out of the traffic lane."
Plaintiff, as appears from defendant's testimony above quoted, was employing his side of the street, he being in the center of the right traffic lane; and a preponderance of the evidence discloses that sufficient space existed between the Ford and trolley bus to permit safe passage there by the Studebaker. Defendant's son chose, however, to steer to the left and toward the vacant lot. Evidently the approaching machine provoked his excitement and this resulted in the sudden change of direction.
It is convincingly shown that contact between the two machines occurred while the Ford was on the street, and not after the Studebaker had been driven completely off it as contended. This is asserted not only by the witnesses for plaintiff, but also by several appearing in defendant's behalf.
An emergency confronted plaintiff when the Studebaker, being in close proximity, suddenly darted in front of him; and he cannot be held to have negligently operated his car by steering to the right rather than continuing on a straight course. If, by his described action, an error of judgment was committed, under the circumstances he is not to be penalized therefor. Lacy v. Lucky et al., 19 La.App. 743, 140 So. 857; Austin v. Baker-Lawhon 
Ford, La.App., 188 So. 416.
Obviously, the trial judge held that the sole proximate cause of the accident was negligent operation of the Studebaker by defendant's son in his attempt to pass the trolley bus while the Ford was approaching, and the sudden steering of his machine to the thoroughfare's south side. We are unable to say that this conclusion is not sustained by the evidence, considered in its entirety, and it will not be disturbed.
There is no issue respecting the quantum of damages.
The judgment, therefore, is affirmed. *Page 564