131 So.2d 574 (1961)
Mrs. Hugo HOLLAND, Plaintiff-Appellee,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY et al., Defendants-Appellants.
No. 9507.
Court of Appeal of Louisiana, Second Circuit.
June 1, 1961.
Rehearing Denied June 22, 1961.
Mayer & Smith, Shreveport, for appellants.
Johnston & Johnston, Shreveport, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
This suit was instituted by Mrs. Hugo Holland as the result of personal injuries received by her from an automobile collision which occurred on Anniston Street in the City of Shreveport, Louisiana on February 20, 1960. Plaintiff was the driver of her vehicle which was struck by an automobile owned by Frank L. Holleman, being driven by his minor son, and insured by defendant insurance company. The accident happened as Mrs. Holland backed her automobile diagonally across Anniston Street from one driveway to another on the opposite side, and had begun to move forward into the street from the latter driveway when struck by defendant vehicle which was proceeding in its proper lane along Anniston Street.
The lower court rendered judgment in favor of the plaintiff for the sum of Nine Thousand Nine Hundred Ninety-five and *575 58/100 ($9,995.58) Dollars, from which defendants have appealed. While no written reasons for judgment were filed, we are informed by counsel in briefs that recovery was predicated on the defendant driver having the last clear chance of avoiding the accident.
In brief before this court, counsel for defendants have assigned the following errors in the lower court's judgment:
(1) In concluding Larry Holleman was guilty of negligence which was a proximate cause of this accident.
(2) In not finding Mrs. Hugo Holland guilty of contributory negligence.
(3) The damages awarded by the trial court were excessive.
There was little or no conflicting testimony as to the manner in which this accident occurred. The only witnesses to its actual occurrence were the occupants of the two vehicles involved. Mrs. Holland was alone, and Larry Holleman, the driver of the defendant vehicle, had a fellow high school student, Charles Crow, as a guest passenger. The accident happened at night and visibility was obscured to some extent by rain.
Mrs. Holland attempts to exonerate herself from any negligence and to attach complete responsibility for the accident on the negligence of young Holleman. A surveyed plat of the locality was filed in evidence which showed Anniston Street intersects Leo Street approximately one hundred-fifty feet north of where the accident happened. The record shows there were two "dips" in the street at this intersection. Mrs. Holland says Holleman was operating his vehicle at an excessive rate of speed as he crossed this intersection and passed over these "dips", and she was unable to extricate herself from this dangerous position. She could not fix this speed except the approaching automobile seemed to be "bearing down upon her". She was corroborated to some extent as to the speed of the Holleman car by the testimony of Miss Margery Landry, who resided at the corner of Leo and Anniston Streets. While she did not witness the accident, she said she heard the Holleman car coming down Anniston when it passed the "dips" and she thought it was speeding and further thought, "Well, we're going to have another wreck."
The defendants offered the testimony of Larry Holleman and his guest, Charles Crow. Holleman said he was driving about twenty-five or thirty miles per hour as he approached the intersection, and having knowledge of the "dips" in the street, slowed his vehicle. As he cleared the intersection, he slightly accelerated his car and did not notice the Holland automobile until within about twenty feet from same, at which time he was unable to avoid the collision. Even though his vision was impaired because of the weather conditions, he said he could distinguish objects for at least a block. Holleman gave as his reasons for not seeing the Holland vehicle, its sudden exit from the driveway, the night, and the color of the vehicle.
Crow corroborated in every important detail the testimony of Holleman. Of course, he was not as positive concerning certain incidents surrounding the accident.
After a careful review of the record, we are firmly convinced of Mrs. Holland's negligence and that such negligence was the sole and proximate cause of the accident. Her acts of negligence were manifold. For example, it is provided in LSA-R.S. 32:237, subd. E.:
"* * * the driver of a vehicle entering a public highway from a private road * * * shall yield the right of way to all vehicles approaching on the public highway * * *"
This rule of the road is well recognized in our jurisprudence. In attempting to drive from the private driveway out onto the thoroughfare, Mrs. Holland was under *576 a duty to exercise extreme care. Bush v. Williams, La.App., 1 Cir., 1954, 74 So.2d 335. She was under a duty to yield the right-of-way to all vehicles approaching on the street. Although holding the driver entering from the private drive had met the duty placed upon him, the Court stated in Payton v. Great American Indemnity Company, La.App., 2 Cir., 1955, 83 So.2d 575, 579:
"* * * It is recognized that the primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private drive. He is required to keep a lookout for vehicles upon the favored street and must keep his car under control and exercise due care and caution. * * *"
Larry Holleman was entitled to the right-of-way and could assume that his travel would not be impeded by someone attempting to enter the street in front of him from a private driveway. We do not mean to suggest that he could proceed with complete immunity, but the duty to exercise care was much greater upon the plaintiff under the circumstances than upon this defendant. This principle is recognized by the Court in the case of Gutierrez v. Columbia Casualty Company, La.App.Orleans, 1958, 100 So.2d 537, 540, where the Court states:
"Of course, the rationale of the foregoing statute may not be interpreted to mean that a motorist may, in the face of imminent danger, simply rely upon the right of way accorded him by law and recklessly drive along the highway with complete abandonment of all caution, but it does mean that a motorist who in the exercise of ordinary care is driving in a public highway should not be held to the same standard or degree of care and vigilance as if no such expression of the legislative intent existed. He has the right therefore to assume, unless danger can be reasonably anticipated or is otherwise imminent, that the promulgated law relating to this rule of the road is understood and will be observed, and he is not required to search in anticipation of other motorists who may, in violation thereof, enter any portion of a public highway from a private road or driveway without being relatively certain that it is safe to do so."
From our review of the evidence, we have concluded the defendant driver was free of any negligence. As Larry Holleman approached the intersection of Anniston and Leo Streets, his immediate attention should have been, and undoubtedly was, directed towards observing whether there was any traffic approaching on Leo Street either from his left or right. As he approached this intersection, there were no car lights exhibited on Anniston Street to warn him of the presence of any vehicle in his near vicinity on that thoroughfare. The mere fact he failed to see the plaintiff's vehicle until momentarily before the collision does not in itself constitute negligence on his part. Our jurisprudence is replete with instances in which it has been held that the driver of a motor vehicle is not necessarily guilty of negligence merely because he fails to see another vehicle upon the highway in time to avoid colliding with it.
In the case of Fisher v. Norwich Union Fire Insurance Society, Ltd., La.App., 1 Cir., 1960, 119 So.2d 562, a plaintiff, who during a light misting rain after dark ran into an automobile which was stopped partially across the center line of the highway, was found to be free of negligence. In such case the Court followed the well recognized rule that "a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had to reason to anticipate he would encounter on the highway".
In the recent case of Fontenot v. Lafleur, La.App., 3 Cir., 1960, 124 So.2d 607 a driver *577 at night ran into the rear end of an unlighted automobile that was in his path of travel; and once again the Court recognized that a night motorist is not negligent for failure to perceive, and a consequent failure to avoid colliding with, an obscured vehicle obstructing his path on the traveled portion of the highway.
In Gautreaux v. Orgeron, La.App., 1 Cir., 1955, 84 So.2d 632, 634, the Court was again considering a situation where a driver at night, during a light rain, ran into another vehicle; and in the determination of this cause, the Court observed:
"Whether plaintiff's hitting an object in his path is in fact contributory negligence depends upon all the facts and circumstances existing in each case, which determine whether or not the approaching motorist had sufficient reason for not seeing the object or obstruction in time to stop, depending not only on whether the object is difficult to see, but also whether it is unusual or not reasonably to be anticipated so as not to alert the driver's attention."
In the instant case the defendant driver was certainly confronted with an object that was extremely difficult to see and one that the law did not require him to anticipate being in that location. As has been hereinbefore noted, the plaintiff's vehicle was crosswise the defendant's lane of travel in such a manner so that neither its tail lights nor its headlights were so directed as to warn the defendant of its presence upon the street. Furthermore, the locale and the nature of the plaintiff's vehicle were all designed to make it extremely difficult for the defendant driver to discover its presence. It was raining; the surface of the street was blacktop; there were trees alongside the east boundary line of Anniston Street in the vicinity, and the plaintiff's vehicle was of a color which blended into its surroundings. The defendant driver was not obliged to anticipate that someone would enter the street in his path from a private driveway. He had negotiated the intersection of Leo Street and Anniston Street and had proceeded almost a half block from that intersection to the point at which the collison occurred.
Plaintiff contends the defendant driver was under the obligation of operating his vehicle at such speed as to be able to maintain control over it within the range of his vision; that if his vision was impaired, he should then have reduced his speed accordingly. This same contention was advanced in the case of Vowell v. Manufacturers Casualty Insurance Company, 1956, 229 La. 798, 86 So.2d 909, 913; and in connection therewith the Supreme Court stated:
"Our rule that a motorist traveling on the public highways after dark or during a rain storm, fog, or other abnormal condition, which prevents him from seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. * * *"
In the Vowell case the plaintiff ran into the rear end of a truck that was stopped on the highway.
Counsel for plaintiff-appellee very ably and strenuously argues before this court that the above cases all involved accidents on the highway or "open road" and have no application to streets and driveways within a city. We can readily perceive of a different degree of care required of a motorist in a city traffic under certain circumstances. However, we can think of no reason why a different rule should be applied to the particular facts of this case.
*578 Having concluded Frank L. Holleman, Jr., was free of negligence and that the accident was caused solely by the negligence of plaintiff-appellee, Mrs. Hugo Holland, we forego any consideration of the special plea of contributory negligence or the doctrine of last clear chance.
For the foregoing reasons, the judgment appealed from is reversed and set aside and the demands of plaintiff-appellee are dismissed at her cost.
Reversed.