HARDY, Judge.
This is an action ex delicto by plaintiffs, husband and wife, for damages sustained *176 by reason of personal injuries to the wife in an automobile collision. From judgment in favor of plaintiffs the defendants have appealed. Plaintiff wife has answered the appeal, seeking an increase in the amount of the award.
The accident occurred in Winn Parish at the intersection of the Gorham Town Road, on which Mrs. Henderson was driving east, with the Dunn Parish Road, on which defendant, Austin, was driving south. Both roads were black-topped, but the Gorham Road was surfaced with gravel east of the intersection. At the time of the accident, rain was falling and both cars were being operated with headlights or parking lights burning. Mrs. Henderson stopped before entering the intersection, made observation for approaching traffic, then moved into the intersection and was struck broadside at about the left center of her car by the Austin car, which was traveling at a speed of 30 to 35 miles per hour. Neither of the drivers involved observed the other vehicle until at, or instantaneously before, the moment of impact. The intersection was uncontrolled and neither road was recognized as a superior thoroughfare.
Our examination of the record convinces us that the above facts were preponderantly established. The district judge predicated his conclusion upon the application of LSA-R.S. 32:237, which had the effect of according Mrs. Henderson the directional right-of-way.
Counsel for appellants urgently contends that Mrs. Henderson forfeited her right-of-way by bringing her car to a stop before proceeding into the intersection, and that Austin’s failure to yield the right-of-way was not a proximate cause of the accident, citing Fidelity & Guaranty Fire Corporation v. Ritter (2nd Circuit, 1958), 37 So.2d 349; Vines v. Hartford Accident & Indemnity Company (2nd Circuit, 1948), 36 So.2d 729; Jimes v. Fidelity & Casualty Company of New York et al. (2nd Circuit, 1935), 163 So. 421. The citations are so inappropriate, by reason of obvious factual distinctions, that we do not feel they merit detailed discussion. Conceding the proposition that a motorist has the right to rely upon the assumption that an automobile stopped before entering an intersection will remain immobilized until traffic has passed, this principle is only applicable to cases in which the action has been observed; National Retailers Mutual Insurance Company v. Harkness (2nd Circuit, 1954), 76 So.2d 95.
It is further urged that Mrs. Henderson was guilty of negligence which proximately caused or contributed to the accident in failing to see that which could and should have been seen before entering the intersection. There is no question as to the usual application and acceptance of this principle, but we do not think it is appropriate under the facts of the instant case. The district judge found that visibility was impaired because of the falling rain and, under our appreciation of the testimony in the record on this point, we cannot say that he was in error.
Some argument is also devoted to the contention that the Dunn Parish Road was regarded by custom as enjoying a superior right over the Gorham Town. Road. On this point, we think it only necessary to note that this conclusion is based upon the expression of opinion in the testimony of Austin and is not supported by that quality and degree of evidence which would serve to establish such a fact as being known and observed in the vicinity.
We are in accord with the finding of the district judge that the sole proximate causes of the accident were the excessive speed of the Austin automobile under the existing circumstances, and the failure to accord the Henderson car the right-of-way to which it was entitled.
The only remaining question relates to the quantum of the award. Mrs. Henderson suffered a moderate whiplash type injury; was hospitalized for a period of twelve days; unable to perform any house *177 hold duties for several weeks and suffered headaches, nausea and back pains for a period of about ten months intervening between the occurrence of the accident and the trial of this case. In our opinion, the award of $2,500.00 is neither inadequate nor excessive.
After examination of the record with reference to the allowance of special damages in favor of plaintiff husband in the amount of $860.40, we have reached the conclusion that this amount should be reduced. One item of special damages allowed, in the sum of $345.00, represented wages paid for a maid to assist Mrs. Henderson in the performance of her household duties. While it may be noted that this item was not ■ included in plaintiff’s itemized claims as contained in the petition, the testimony on this point appears to have been admitted without objection. The district judge made an allowance of three full weeks employment at $15.00 per week and then “assumed” a further employment of three days a week for an additional forty weeks, for which he allowed $300.00. We do not think the evidence supports the conclusion that Mrs. Henderson was unable to perform her household duties for this extended period of time. We think this item should be reduced by $300.00.
Additionally, it is pointed out that the claimed medical expense represented by payments made to Drs. Allums and Taylor, in the amount of $106.00, was not properly established as being necessary medical expense for treatment, but was incurred solely for the purpose of examination in preparation for trial. We think this point is well taken.
For the reasons assigned the judgment appealed from is amended by reducing the amount of the award for special damages in favor of the plaintiff, Kenneth W. Henderson, to the principal sum of $454.40, and in all other respects the judgment appealed from is affirmed at appellant’s cost.