FRUGE, Judge.
This action results from an automobile accident which occurred on January 19, 1964, on U. S. Highway 165 four miles south of Glenmora, Louisiana. Plaintiff, Mrs. Frederick B. Cleveland, is suing Mr. George W. McHenry, his wife, Mrs. Muriel McHenry, and their liability insurer, State Farm Mutual Automobile Insurance Company. Plaintiff’s suit against Mrs. McHen-ry was dismissed after hearing on an exception of no cause or right of action, and *476 this issue has not been raised on this appeal.
Mr. McHenry and State Farm filed an answer and third party complaint denying his negligence and alleging that the accident was caused solely by the negligence of the driver of the other automobile, Mr. Cleveland. This pleading joined Cleveland and his liability insurer, Commercial Standard Insurance Company, as third party defendants and demanded, in the alternative, that if in the event judgment should be rendered against the third party plaintiff, there be judgment for one-half of any and all amounts which Mrs. Cleveland should be awarded.
Subsequently, Mrs. Cleveland filed a third party demand against Commercial Standard Insurance Company praying for judgment in the alternative in the event McHenry was not negligent or his negligence was not the sole and proximate cause of the accident. This pleading charged Cleveland with negligence in not observing the McHenry truck in sufficient time to avoid the accident.
Finally, Mr. Cleveland filed a reconven-tional demand against Mr. McHenry and State Farm for damages to his automobile, the medical and hospital expenses incurred by Mrs. Cleveland, and her lost earnings.
There was judgment dismissing with prejudice the demands of the plaintiff, Mrs. Cleveland, against George W. McHenry and State Farm. The reconventional demand of the third party defendant, Frederick B. Cleveland, was dismissed with prejudice as to McHenry and State Farm, and there was judgment in favor of the plaintiff, Mrs. Cleveland, against third party defendant, Commercial Standard Insurance Company. The lower court found Cleveland negligent and awarded Mrs. Cleveland a judgment against her husband’s insurer (Commercial Standard Insurance Company) for $2,500.00.
From this judgment Mrs. Cleveland, the third party defendant, Commercial Standard Insurance Company, and Frederick B. Cleveland have perfected this appeal.
Plaintiff was injured when the automobile in which she was a passenger struck the rear of the pickup track owned by Mrs. McHenry and driven by Mr. McHenry. The accident occurred on a clear night after the McHenry truck entered U. S. Highway 165 from an inferior road and was struck in the rear by the vehicle driven by Mr. Cleveland. At the time of the accident both vehicles were proceeding in a northerly direction.
Mr. Cleveland testified that he was driving at a rate of 55 to 60 miles per hour and saw the headlights of the McHenry vehicle “stopped or coming out slowly” from the inferior road. He did not think the vehicle would come out onto the highway, but when it did he put on the brakes and skidded into the right rear tailgate of the truck, striking it with his left front fender. He further testified it was impossible for him to pass the slower moving truck due to the oncoming southbound traffic. Cleveland stated that his automobile was approximately one-half a block away from the McHenry truck when said truck entered the highway.
Mrs. Cleveland was lying down on the back seat of the car and did not see the truck until immediately before the impact. The record reveals no testimony relative to the distance of the collision situs from the intersection.
Mrs. John H. Ayres, a passenger in the Cleveland automobile, was not able to say whether the truck stopped before entering the highway, nor was she able to estimate how far from the intersection the accident occurred.
Mr. Cleveland was of the opinion his vehicle came to a stop near the point of impact. After the accident, in an attempt to determine if his car was operating, Cleveland testified he drove it approximately two car lengths before ascertaining that it could not be properly driven and so parked it on the shoulder to wait for a tow truck.
*477 Mr. McHenry, in describing the occurrence, testified that he stopped at the intersection and saw that the highway was clear for him to enter. After entering the principal highway, he stated that one car passed his vehicle, also proceeding in a northerly direction, and two cars passed in a southerly direction. He stated that he proceeded north on the highway “a little piece”, reaching a speed of approximately “20 miles per hour” when he was struck in the rear. He stated that his truck had traveled about 85 to 90 feet from the intersection before the collision took place.
The record indicates that Mrs. McHen-ry’s testimony in general substantiates that of her husband. She testified as to the one vehicle which passed their truck traveling north after they entered the highway. She estimated they had traveled on the highway 60 to 80 feet before the collision and the impact happened “right up on the hill and the lick knocked us over the hill.”
Croaker Melder, the marshal of Glen-mora, testified he found the Cleveland vehicle on the highway shoulder on the hill or incline some 400 to 500 yards distant from the point where the highway and the inferior road intersect.
Carl Tolbert, another witness who arrived at the scene shortly after the accident, gave varying figures in estimating the distance from where Cleveland’s car was after the accident. It was concluded from this witness that the Cleveland car was at least 200 feet north of the crest of the hill or incline.
Clyde Singley, who towed the Cleveland car into Glenmora, testified that he found the Cleveland car parked north of the incline some 400 to 500 yards from the intersection.
The record indicates and the trial judge took notice that none of the parties or witnesses, including Marshal Melder, made any effort to determine exactly where the wreck occurred in relation to the distance from where the principal highway and the inferior road intersect to the point of impact.
The trial court, after hearing the testimony of all the witnesses, concluded that the testimony of Mr. and Mrs. McHenry was the most reliable in fixing the situs-of the accident. Having concluded this,. Mr. McHenry was exonerated from any negligence. The trial judge found that the sole and proximate cause of the accident was the negligence of Mr. Cleveland in failing to timely observe the movements of the McHenry truck and in not maintaining proper control over his vehicle.
After a careful review of the record and the testimony of all the witnesses, this court is in full accord with the lower court’s, judgment.
The jurisprudence for a factual situation-such as this was clearly stated in McQuillin v. Travelers Indemnity Co., La.App. 2 Cir., 171 So.2d 691, when the court, citing the case of Jones v. Travelers Ins. Co., La.App., 149 So.2d 441, stated that:
“ ‘The primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private driveway, such a driver being required to keep a lookout for vehicles upon the highway and to not enter the highway until it becomes apparent to him, or until it should become apparent to a reasonably prudent person, that he can do so safely. Holland v. United States Fidelity & Guaranty Company, La.App. 2nd Cir., 131 So.2d 574; Vidrine v. Simoneaux, La.App. 3rd Cir., 145 So.2d 400; Chandler v. Grain Dealers Mutual Insurance Company, La.App. 2nd Cir., 131 So.2d 606. The motorist intending to enter a main highway from a private driveway, however, is not required to desist from making his entry as long as any traffic is in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that the entry can be made in safety *478 and without obstructing the passage of traffic from either side. Higginbotham v. Frazier, La.App., 1st Cir., 92 So.2d 89 (cert. denied).’ ”
The uncontradicted testimony of Mr. and Mrs. McHenry to the fact that after turning on the principal highway one car passed their vehicle in the same northerly direction is additional proof that the McHenry vehicle did not suddenly pull out from the inferior road in front of the Cleveland vehicle.
Although there was a variance in the testimony of all the parties as to where the impact occurred and where the Cleveland vehicle came to rest, it can be concluded that the situs of the accident was a sufficient distance from the intersection that if Cleveland had maintained a proper lookout and proper control, as required by law, this unfortunate accident would not have occurred.
The standard of care required of a motorist entering a principal thoroughfare from an inferior road was stated in the recent case of Johnston v. Bituminous Cas. Corp., La.App. 2 Cir., 169 So.2d 726. In that case the court, in absolving plaintiff, who was struck in the rear by defendant’s vehicle, from all responsibility and allowing' him recovery, stated, to-wit:
“Pursuant to the aforesaid principle •a rule has developed in the jurisprudence to the effect that a motorist intending to enter a main highway or street from a private driveway is not required to await making his entry so long as there is traffic in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that his entry can be made in safety and without obstructing the normal movement of traffic approaching from either direction. Higginbotham v. Frazier, La.App., 1st Cir.1957, 92 So.2d 89 (writ denied); Jones v. Travelers Insurance Company, La.App., 3d Cir.1963, 149 So.2d 441.”
This court concludes, as did the trial court, that McHenry’s entrance onto U. S. Highway 165, under the facts disclosed by the record, was an act of a reasonably prudent man; that he was free from fault.
It now becomes necessary to consider the question of quantum. The judgment appealed from awarded Mrs. Cleveland the principal sum of $2,500.00, of which she is now asking for an increase.
The record reveals that Mrs. Cleveland sustained “moderate severe whiplash”. The date of the accident was January 19, 1964, and Mrs. Cleveland did not visit her physician until February 14, 1964. She testified that immediately after the accident she was sore through the neck and shoulders down to the wastline but did not think she was injured. She suffered no pain for several days but was stiff and sore. The pain did set in and gradually became worse until she was no longer able to work and at that time she first saw her physician, Dr. Davis. A week after her first visit to Dr. Davis he placed her in cervical traction for two days. After being discharged she wore a cervical collar for one month. On March 22, 1964, due to her extreme nervous condition Dr. Davis advised her that she could go to California to relax and visit her sister. She returned from California after four weeks still suffering from some pain and at that time was referred to Dr. Lowery, an orthopedic specialist. She underwent physiotherapy treatment for nine weeks and testified that she was relieved of her pain to some extent.
Dr. Davis testified that minimal arthritis of the fifth and sixth cervical spine was found but no evidence of fractures or dislocations. He prescribed pain tablets, tranquilizers to relax her nerves and muscles, and a preparation to relieve the arthritic swelling and soreness. The record clearly shows that Mrs. Cleveland was taking an unusually large amount of drags and pain killers. Both Drs. Davis and Lowery found plaintiff to be suffering from some pain *479 due to the accident but thought her complaints were due to some extent to nervousness and anxiety. The evidence pertaining to Mrs. Cleveland’s long use of painkilling drugs, however, must be noted, for their use before and after the accident indicates that she was suffering from some pains prior to the accident.
A thorough review of these facts leads this court to the opinion that the award made to Mrs. Cleveland is adequate for the injuries which she sustained. An award of $2,500.00 is not out of proportion for this type of whiplash injury, and the lower court did not abuse its “much discretion” in making such an award.
Our Supreme Court recently said in the case of Davis v. Cooperative Cab Co., La.App., 176 So.2d 148, citing the case of Ballard v. The National Indemnity Co. of Omaha, Nebraska, 246 La. 963, 169 So.2d 64:
“* * * On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the ‘much discretion’ vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lower court has abused its discretion in assessing the damages.”
The court finds that the $2,500.00 the lower court awarded plaintiff is well in line with the amount of awards given and affirmed in other cases where the injury was of this nature. See Fant v. Zurich Ins. Co., La.App. 2 Cir., 160 So.2d 443; Bouis v. Employers Liability Assurance Corp., La.App. 3 Cir., 160 So.2d 36; Woods v. Grain Dealers Mutual Ins. Co., La.App. 2 Cir., 159 So.2d 410; Soileau v. United States Fidelity & Guaranty Co., La.App. 3 Cir., 158 So.2d 397; Kline v. Columbia Casualty Co., La.App. 2 Cir., 155 So.2d 82; Henderson v. Austin, La.App. 2 Cir., 153 So.2d 175; Hickman v. Bawcom, La.App. 3 Cir., 149 So.2d 178; Dilworth v. Roberts, La.App. 1 Cir., 138 So.2d 453; Little v. Hughes, La.App. 1 Cir., 136 So.2d 448.
Costs of this appeal shall be borne by Commercial Standard Insurance Company.
Affirmed.