205 So.2d 863 (1968)
Mrs. Lee COLE, Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY, Defendant-Appellee.
No. 2211.
Court of Appeal of Louisiana, Third Circuit.
January 11, 1968.
*864 Roy & Roy, Chris J. Roy, Marksville, for plaintiff-appellant.
Gist, Methvin & Trimble, David Hughes, Alexandria, for defendant-appellee.
Before FRUGE, CULPEPPER, and LEAR, JJ.
FRUGE, Judge.
This case arises out of a traffic accident which occurred on Louisiana Highway 107 in the settlement of Effie when the defendant's insured drove onto the highway from a private drive and was struck in the rear by the plaintiff-appellant, Mrs. Lee Cole. From a judgment rejecting plaintiff's demand and dismissing her suit, she has taken this devolutive appeal in forma pauperis.
The accident occurred on June 29, 1965, at approximately 2:00 p. m. in the settlement of Effie on a warm and somewhat clear day. Mrs. Cole was proceeding in a roughly northerly direction in her 1962 Chevrolet. Her version of the accident was that she was proceeding through the settlement of Effie at approximately 50 miles per hour. While she was yet some distance away from the place of the accident, she observed the vehicle driven by Mrs. Evie Ryland, insured by Maryland Casualty Company, proceeding slowly at an angle toward the highway. Plaintiff assumed Mrs. Ryland would not enter the highway in front of her, and thus plaintiff took no steps to avoid the accident until after Mrs. Ryland drove onto the highway. Mrs. Cole said that then there was nothing she could do to avoid the accident but apply her brakes and hope the Ryland vehicle would remove itself from her path. Plaintiff's attempt to stop her vehicle proved unsuccessful, and, as a result, a rather serious collision occurred wherein plaintiff alone sustained injuries.
Plaintiff produced as her witness, Mrs. Gauthier, who saw the entire happening. Mrs. Gauthier testified that Mrs. Ryland was driving her car slowly from her private drive which approached the highway at an angle, which angle (intersecting Highway 107 in a north-westerly direction) appears less than forty-five degrees. (In other words, Mrs. Ryland's driveway ran more closely paralled with Highway 107 than perpendicular to it.) Mrs. Gauthier testified that she observed Mrs. Ryland's proceeding at that angle toward the highway in a northerly direction at a very slow rate of speed. When Mrs. Ryland got near the highway, Mrs. Gauthier observed the Cole vehicle coming from the south towards the north. Mrs. Gauthier testified that she saw Mrs. Ryland look to her left in the direction of the Cole vehicle and then hurry onto the highway directly in front of Mrs. Cole.
Mrs. Ryland, who was 67 years old at the time of the trial, testified that she looked before entering the highway and saw Mrs. Cole approaching her from the south at around 2/10ths of a mile from the end of her drive. Then she said she proceeded to get onto the highway and had put her car into second gear and was about to go into third when the collision occurred. Mrs. Ryland further testified at the trial that her speed in getting onto the highway was between 30 and 35 miles per hour. But it appears that she told the investigating officer at the scene that she was proceeding at about 15 miles per hour.
The whole of Mrs. Ryland's testimony is rather vague and of relatively little value; for on the stand, she indicated that *865 she was confused as to the actual events that took place on the day of the accident. Probably for this reason, the trial court accepted the version of the accident as related by plaintiff and Mrs. Gauthier.
We find no difficulty in concluding that Mrs. Ryland was negligent in driving her automobile from a private driveway onto a state highway immediately in front of the oncoming Cole vehicle in violation of R.S. 32:124. It was her responsibility not to drive onto a superior roadway unless she could do so without endangering any oncoming traffic. Although Mrs. Ryland apparently believed she could undertake her maneuver in safety, this belief was presumptively an erroneous one by the mere occurrence of the accident; for the primary duty to ascertain that no danger will result from such maneuver rested upon Mrs. Ryland. See Smith v. Hearn, 181 So.2d 433 (La.App.2d Cir., 1965); Garcia v. Anchor Casualty Co., 148 So.2d 371 (La.App. 1st Cir., 1962); Holland v. United States Fidelity and Guaranty Co., 131 So.2d 574 (La.App.2d Cir., 1961). Mrs. Cole could assume that Mrs. Ryland would not pull out into her path, especially after watching the slow movement of the Ryland vehicle and after seeing that Mrs. Ryland had observed her approaching.
After accepting the plaintiff's version of the incident, the trial court found that there was in effect a 45 mile per hour speed zone in the village of Effie and that Mrs. Cole was driving over 50 miles per hour. He then concluded that her speed constituted negligence, and that this negligence was a cause of the accident which bars her recovery. This conclusion was based upon his figures that Mrs. Cole actually observed the danger 151 feet ahead, and at that instant began her stopping endeavor.[1] The trial court then employed a speed chart, which it states was taken from 14 Tul.Law Rev. 503, and therefrom computed that had plaintiff been traveling 45 miles per hour, she could have stopped her automobile within 120 feet including reaction time.[2]
The law relative to the use of speed charts by the courts for the purpose of determining within what limits an automobile could be stopped is well stated in the case of Guidry v. Grain Dealers Mutual Ins. Co., 193 So.2d 873 (La.App.3rd Cir., 1967). In that case, this court said, inter alia, that such speed charts should be used *866 by the trial court with great caution and only for broad general comparisons, not for precise calculations of stopping distances. See also Picard v. Joffrion, 202 So.2d 372 (La.App. 1st Cir., 1967). We therefore find that the trial court erred in utilizing a speed chart to make precise calculations in determining if Mrs. Cole's speed was a cause of the accident, where other competent evidence on that issue was available.
The most significant evidence presented at the trial concerning this question of plaintiff's contributory negligence was that given by herself, Mrs. Cole, and by her witness, Mrs. Gauthier. Plaintiff testified that when Mrs. Ryland drove onto the highway, plaintiff immediately applied her brakes but was so close to the Ryland vehicle upon its entry onto the highway that the collision was unavoidable and that she had no opportunity to stop her car. To the same effect, Mrs. Gauthier testified that Mrs. Ryland pulled out directly in front of the plaintiff, and further, that Mrs. Ryland's automobile had never really straightened out in its lane of traffic before the collision. Testimony of defendant's insured, Mrs. Ryland, to the effect that she got onto the highway when plaintiff was 2/10ths of a mile back cannot be awarded much weight, because, during her entire testimony, Mrs. Ryland appeared confused concerning how the accident occurred. Further, had plaintiff been 2/10ths of a mile, or over 1100 feet back, whenever Mrs. Ryland got onto the highway, the accident would not have occurred for at least twelve seconds after Mrs. Ryland was on the highway; and, even had she been traveling only 15 miles per hour, in twelve seconds, she would have traveled a distance of over 200 feet. This would have placed the scene of the accident at least 100 feet farther down the highway from where it actually did occur.
For these reasons we do not feel that the counsel for defendant has sustained his burden of proving that plaintiff, Mrs. Cole, was contributorily negligent. Although Mrs. Cole was speeding through the settlement of Effie, there is no showing that this excessive speed was a cause in fact of the accident which occurred.
Counsel for defendant contends that the instant case is controlled by our decision in Cleveland v. McHenry, 179 So.2d 475 (La. App.3rd Cir. 1965), wherein we exonerated from negligence the driver of a vehicle which turned onto a highway and held liable the driver of the vehicle which struck from behind the turning vehicle. While that case is similar, factually, to the present one, we need only remark that it was our opinion that the driver of the vehicle which turned onto the highway had employed due care in that maneuver and that it was the negligence of the oncoming driver in not maintaining a proper lookout and in failing to maintain adequate control over his vehicle which was the sole proximate cause of the accident. The actual point of impact in that case was never ascertained, and we were impressed by the testimony that after the turning vehicle got onto the highway it was passed by one overtaking automobile, then two oncoming vehicles passed from the opposite direction, and after that the other overtaking vehicle ran into the rear of the turning car. From this we concluded that the proximate cause of the accident was the negligence of the second overtaking motorist.
The appellee further argues that the evidence discloses that Mrs. Ryland traveled a distance of at least 119 feet down the highway in a northerly direction before being struck in the rear by Mrs. Cole. His contention is that this fact indicates that Mrs. Cole was negligent because she could have easily stopped her car within the time that Mrs. Ryland traveled 119 feet on the highway. This conclusion stems from the assumption that Mrs. Ryland was proceeding at no more than 15 miles per hour when she got onto the highway, and that she did travel at least 119 feet on the highway before being struck by Mrs. Cole. Under these assumptions, it would seem that Mrs. Ryland was on the highway some five or six seconds *867 before the collision. But we are of the opinion that the evidence is insufficient to establish this as a fact. In the first place, Mrs. Ryland testified that she was traveling between 30 and 35 miles per hour, although she had on prior occasions said that she was going approximately 15 miles per hour. In the second place, the evidence is inconclusive to show that Mrs. Ryland was on the highway for the entire 119 feet, for the exact position of the Ryland automobile when it entered the highway is in doubt.
As a result of the accident, Mrs. Cole suffered from a cut lip, a loose tooth, and an injury to her neck. At the time of the trial, her front tooth was still loose and had not been worked on by a dentist. Her injuries caused her to be hospitalized for six days following the accident. Thereafter she was released but suffered from serious headaches which caused occasional nausea and vomiting. As a result, plaintiff had to wear a "Queen Anne's Collar" for a period of approximately three months. The purpose of the collar was to relieve the strain upon the neck's cervical spine and reduce her headache pains. It was necessary for Mrs. Cole to wear this Queen Anne's Collar all the time that she was out of bed. She was unable to perform her usual household duties and had to depend upon others for aid. Less than a month after her original discharge from the hospital, Mrs. Cole was readmitted for a period of three days because of her continued severe headaches. She testified that her headaches had persisted down to the time of the trial, although they have not been so serious as before. Nonetheless, she was still taking pain relievers for her headaches, which were prescribed by her doctors.
Since the time of the orginal petition, Mrs. Cole has become separated from her former husband and has pursued this appeal alone. There is no showing that she has had to pay any of the doctor bills or hospital bills up to the time of the trial. On this appeal, she requests damages in the sum of $5,000.00 for her personal injuries in the way of pain and suffering. After viewing all of the testimony in this case relative to her injuries, we are of the opinion that a judgment in the sum of Three Thousand Dollars for Mrs. Evelyn Cole would be a fair and adequate compensation.
For the foregoing reasons, the judgment of the trial court is reversed, insofar as it denied Mrs. Evelyn Cole compensation for her personal injuries, and it is hereby ordered, adjudged, and decreed that judgment be rendered in favor of Mrs. Evelyn Cole and against the defendant, Maryland Casualty Company, in the sum of Three Thousand ($3,000.00) Dollars, plus 5 percent interest from April 12, 1966. The cost of all proceedings are assessed against the defendant, Maryland Casualty Company.
Reversed and rendered.
NOTES
[1] The trial court reached this figure by taking the 87 feet of skid marks which Mrs. Cole made, adding to that 9 feet (which is called "braking lag") for the brakes to catch tight enough after application to cause the car to skid, and then adding another 55 feet as reaction time (three-quarters of one second traveling at 50 miles per hour or 74 feet per second).
[2] Our computations based upon that same chart indicate a distance substantially greater than 120 feet in which one could stop traveling at 45 miles per hour.

From our perusal over a few speed charts, we have found that in one, a distance of 217 feet, including reaction time, is allowed for a driver traveling at 45 miles per hour to bring his automobile to a complete stop; in another, 178 feet is allowed for an automobile to stop when it is traveling at a speed of 40 miles per hour; and in a third, 115 feet is given as the distance in which an automobile traveling at 40 miles per hour can be brought to a stop, including reaction time of three-quarters of one second. It is apparent from just these charts that they vary substantially, and it is elementary that numerous variables must be considered before an accurate stopping distance for any given vehicle can be computed. From noting all the variables, and from our survey of speed charts, we find that it was an error for the trial court to conclude that Mrs. Cole could have stopped her vehicle within 120 feet, including reaction time, had she been traveling at a speed of 45 miles per hour. As a matter of fact, since all the conditions at the time of the accident were not "excellent", it would be arbitrary to conclude, merely from the speed charts, that Mrs. Cole could have brought her vehicle to a stop within 151 feet had she been traveling at a speed of 45 miles per hour.