149 So.2d 441 (1963)
John A. JONES, Plaintiff and Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendant and Appellant.
No. 759.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
Rehearing Denied February 20, 1963.
*442 Cunningham & Cunningham, by W. Peyton Cunningham, Natchitoches, for defendant-appellant.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before CULPEPPER, TATE and HOOD, JJ.
HOOD, Judge.
This is an action for damages arising out of a collision between plaintiff's car and a large trailer truck being driven by Lloyd L. Warwick. The defendant was the public liability and property damage insurer of the truck at the time of the accident. Defendant denied negligence on the part of the driver of the truck, and specially pleaded contributory negligence on the part of plaintiff. After trial on the merits, judgment was rendered in favor of plaintiff for the full amount claimed, $144.53, and defendant has appealed.
The accident occurred about 12:30 p. m. on March 23, 1962, on Louisiana Highway One in the City of Natchitoches. The insured truck was being driven in a northerly direction on this highway, and as it approached the Towne House Restaurant, which is located on the west side of the highway, plaintiff drove his car out of the parking lot located adjacent to the restaurant into the highway, turned to his left and proceeded to drive in a northerly direction on the highway in front of the truck. The truck then overtook and collided with the right rear part of the car, and as a result of that collision plaintiff's automobile was damaged.
The drivers of the two vehicles gave different and conflicting versions of how the accident occurred. Plaintiff testified that he observed traffic before entering the highway, that he saw the insured truck approaching at a distance, that he proceeded to enter the highway when the truck was approximately 600 to 750 feet away, and that he had driven in a northerly direction on the highway a distance of from 120 to 150 feet after crossing into his right lane of traffic before he was struck from the rear by the truck. The driver of the truck, on the other hand, testified that plaintiff's automobile entered the highway from the parking lot when the truck was only about 50 to 60 feet from the car, that he applied the brakes of the truck immediately, but had to release them to some extent because of the danger of jackknifing the truck, and that in spite of his efforts to avoid a collision he was unable to do so.
*443 The testimony of the driver of the truck is supported by that of a service station operator who witnessed the accident, but it is discredited by that of a city police officer who testified that shortly after the accident occurred, Warwick told him that he did not see plaintiff's car until he was "right up on top of it," that plaintiff was then "in his right lane of traffic," and that he did not see plaintiff enter the highway.
The evidence shows that immediately prior to the collision the truck was being driven at a speed of about 35 miles per hour. Plaintiff's car had entered the highway from a stopped position and had attained a maximum speed of only 10 or 15 miles per hour by the time the accident occurred. Counsel for plaintiff reasons, correctly we think, that plaintiff's speed could not have averaged more than 10 miles per hour during that interval. The vehicles collided at a point about 120 to 150 feet north of the place where plaintiff had entered the highway. The speed of the truck apparently had been reduced very little, if any, before the accident occurred, because after striking the car the truck continued to travel in a northerly direction, overtaking and passing the car on the right or east shoulder of the road. Since plaintiff's car traveled a distance of at least 120 feet after entering the highway and the truck was being driven much faster than the car, it seems to us from these physical facts alone that the truck must have been more than 50 or 60 feet from the car when the latter entered the highway.
The trial judge, apparently accepting the testimony of plaintiff as being a true account of the facts, concluded that the sole proximate cause of the accident was "inattention on the part of the truck driver," and that plaintiff was not negligent in the manner in which he pulled onto the highway. The testimony of the service station operator was rejected completely by the trial judge, and that of the police officer was accepted.
We conclude, as we think the trial judge did, that plaintiff's car entered the highway at least 600 feet ahead of the truck, that the car traveled a distance of at least 120 feet on the highway before it was overtaken and struck by the truck, and that from the time the car entered the highway until the collision occurred it traveled at a speed which averaged not more than 10 miles per hour and the truck was being driven at a speed of about 35 miles per hour. The truck, therefore, traveled a distance of at least 720 feet between the time the driver should have seen plaintiff enter the highway and the time of the accident.
LSA-R.S. 32:237(E) provides that:
"The driver of a vehicle entering a public highway from a private road * * * shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon."
The primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private driveway, such a driver being required to keep a lookout for vehicles upon the highway and to not enter the highway until it becomes apparent to him, or until it should become apparent to a reasonably prudent person, that he can do so safely. Holland v. United States Fidelity & Guaranty Company, La.App. 2 Cir., 131 So.2d 574; Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400; Chandler v. Grain Dealers Mutual Insurance Company, La.App. 2 Cir., 131 So.2d 606. The motorist intending to enter a main highway from a private driveway, however, is not required to desist from making his entry as long as any traffic is in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that the entry can be made in safety and without obstructing the passage of traffic from either side. Higginbotham v. Frazier, La.App. 1 Cir., 92 So.2d 89 (Cert. denied).
*444 In the instant suit we find that plaintiff was not negligent in entering the highway at least 600 feet ahead of the insured truck, and that under the circumstances presented here, plaintiff was justified in assuming that he could enter the highway safely. We agree with the trial judge that the sole proximate cause of the accident was the failure of the driver of the truck to maintain a proper lookout, and that plaintiff was free from contributory negligence. No issue is raised on this appeal as to the amount of the award.
For the reasons herein assigned the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.