HARDY, Judge.
This is a tort action for the recovery of damages for personal injuries sustained by plaintiff as the result of an automobile collision allegedly caused by the negligence of defendant company and its driver-employee, who was joined as a defendant. From judgment rejecting plaintiff’s claims, she has appealed.
The issue presented by this case is essentially factual. The accident occurred on the morning of January 11, 1962, and involved plaintiff’s pickup truck and a Borden delivery truck driven by Branch on the Mil-haven Road about three miles east of Monroe. The weather was clear but the highway was covered by snow and ice. The burden of plaintiff’s claim is that she had backed out of her driveway on the south side of the Milhaven Road and had driven a short distance east when the collision occurred on her side of the road. Plaintiff has failed to sustain this contention. The testimony of witnesses who appeared on the scene shortly after the accident and the physical circumstances that were observed and recorded placed the point of impact at or about a point directly opposite plaintiff’s driveway and indicated that the point of impact was in the north lane of the highway upon which defendant, Branch, was driving east.
In written reasons for judgment the trial' judge found that the defendant, Branch, was not guilty of negligence and he properly questioned the credibility of plaintiff’s-witnesses, Frank Fontana, her son, and Buddy Grant, who testified that they observed the occurrence of the accident. We think the testimony of these witnesses is-unworthy of belief, particularly by reason of the fact that it irreconcilably conflicts with the testimony of plaintiff.
LSA-R.S. 32:237, Subdivision (E), requires :
“The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway * *
In Josey v. Granite State Fire Ins. Co. (2nd Circuit, 1960, writs denied), La.App., 122 So.2d 303, the opinion declared that an unusual degree of care is required of motorists who drive from a private driveway into a highway, which requirement is increased when the vehicle is being backed into the highway.
The record before us amply supports the conclusion that Mrs. Fontana had not, as she contends, backed out of her driveway, straightened out and proceeded some distance east when the collision occurred, but rather that the collision took place before Mrs. Fontana had completed her backing movement and while a portion of her vehicle was in the path of the approaching vehicle driven by Branch.
We concur in the conclusion that Mrs. Fontana was guilty of negligence, either proximate or contributory, and, therefore, is barred from recovery.
Accordingly, the judgment appealed from is affirmed at appellant’s cost.