HARDY, Judge.
This is an action by plaintiff, as subrogee, for recovery of the amount paid as collision damages to its insured’s motor vehicle-Named as defendants were the owner, insurer and driver of the other vehicle involved in the accident. From judgment in favor of plaintiff and against the defendants in solido, in the principal sum of $389.-86, the defendants have appealed.
The accident which is the basis of this-suit occurred in the early afternoon of November 2, 1962, on what is known as-the Old Oil City-Mooringsport Road in-Caddo Parish, a two-lane north and south' highway. A 1962 Ford one-half ton pickup-truck owned by plaintiff’s insured and driven by one James Collins, was traveling-south on the highway when a 1952 Chevrolet pickup truck driven by one Douglas. Green backed onto the said highway from a private drive located on the west side-of the highway. In a successful effort to-avoid collision, Collins swerved his truck- and applied his brakes but skidded into the-ditch and collided with a utility pole, causing the damage to the truck for which-plaintiff seeks recovery.
Plaintiff alleged that the direct and proximate cause of the accident was the gross-negligence of Green in backing his truck from a private drive across a public highway in the path of the approaching truck driven by Collins. Defendants deny any negligence on the part of Green, and specially plead contributory negligence by Collins.
There is no basis for dispute as to the-applicable legal principles, and the appeal must be determined upon the basis of facts-established by the record. The only eye witnesses to the accident were the drivers, of the respective vehicles. The accident occurred near the bottom of a hill which, rises to a crest some 300 feet to the north.. *919 ■Green testified that the Ford truck was not in sight when he began his backing movement, but that it came into view when he ihad backed part of the way into the highway and his truck was actually blocking ■the west lane thereof. He further testified that he accelerated his backing movement in order to clear the highway and brought his vehicle to a stop off of the paved surface to the east. Collins’ testimony was ■that he saw the Chevrolet truck back onto the highway, assumed from the motion of the vehicle that it was being brought to a ■stop, moved his vehicle to the left, at which time the Chevrolet truck resumed its movement across the highway. Unable to bring .his vehicle to a stop, Collins continued to move to the left, and, as above noted, while ■he avoided a collision, he was forced into the ditch and the resulting collision with -.the utility pole.
 We are completely in accord with ■the finding of the district judge that the ■defendant Green was guilty of negligence ■which was the sole cause of the accident. It is required by statute that the driver of :a vehicle entering or crossing a highway⅝ from a private road or driveway must yield •to all approaching vehicles close enough to ■constitute an immediate hazard; LSA-•R.S. 32:124. Our courts have declared •that an unusual degree of care is required ■on the part of motorists entering a public "highway from a private drive, particularly ■when a vehicle is backing onto the highway; Fontana v. Borden’s Company, (La.App. 2nd Cir., 1963), 155 So.2d 210; Josey v. Granite State Fire Ins. Co. (La.App. 2nd Cir., 1960, writs denied), 122 So.2d 303.
We are further in agreement with the ..conclusion that the record does not support the charge of contributory negligence ton the part of Collins. This charge was .primarily based upon the contention that 'Collins was driving at an excessive rate ■of speed. The testimony fails to establish .this fact and it cannot be concluded either ■■that his speed was in excess of the legal limit or that it was unreasonable under the circumstances. It is well established that the driver of a vehicle upon a highway has the right to assume that his progress will not be obstructed or impeded. When Collins perceived the entry of the Chevrolet truck in his path of travel, he took proper precautionary measures, and, in the belief that the truck was stopping to permit his passage, he moved to the east side of the highway. Green’s action in continuing or, as he testified, in accelerating the movement of his vehicle when he perceived the approach of the vehicle on the highway, in our opinion, constituted gross negligence.
Since our examination of the record fails to disclose any degree of error, manifest or otherwise, on the part of the district judge, it follows that the judgment appealed from should be, and, accordingly, it is affirmed at appellant’s cost.