ON REHEARING
PIARDY, Judge.
Our decree on original hearing of this ■case reversed the judgment of the lower •court awarding damages for injuries received by Mrs. McQuillin and her minor ■daughter, Janice, on the ground that Mrs. McQuillin had been guilty of contributory negligence. Application for rehearing on behalf of plaintiffs called our attention to an unfortunate error, namely, that there was no ground for imputation of the negligence which barred recovery by the mother to the minor who was a guest passenger and who was clearly entitled to judgment. We granted rehearing primarily for the purpose of correcting this error but without restriction in order that we might re-examine the entire case.
The facts involved are adequately set forth in the quotation of the major portion of the written opinion of the district judge which was included in our original opinion, and, therefore, will not be reiterated.
After careful re-examination of the record in this case we have reached the conclusion that the finding of contributory negligence on the part of Mrs. McQuillin was unjustified. We feel that the court erred in the attempted mathematical computation which appears to support the charge of contributory negligence against Mrs. McQuillin. A similar calculation was made by the district judge in justification of his finding of freedom from contributory negligence. The difference between the conclusions of this court and the trial court resulted from a variation in the distance factors which were respectively used.
Re-examination of the record has convinced us that both courts were in error in the attempt to use the mathematical computation as a basis for their findings, inasmuch as the testimony does not support the establishment of the rate of speed of the McQuillin automobile which was fixed by both courts at ten miles per hour. There is absolutely no testimony in the record which even attempts to fix the speed of the McQuillin car from the time it was stopped to the time of impact. It is, therefore, obvious that the element of speed, which was also an essential factor of the calculation, was predicated upon pure assumption, completely without evidentiary support.
The issue of contributory negligence must depend upon a determination as to whether the actions of Mrs. McQuillin in attempting to enter the highway were justified when measured by the rule of ordinary and reasonable care. The only reliable evidence on this point was developed in the testimony of Mrs. McQuillin to the effect that she stopped at the edge of the road [meaning the intersection with the highway] ; observed that there was no traffic approaching from the west, where her view was unobstructed for a distance of approximately 700 feet up to the crest of a hill, and no traffic from the east; put her car in low gear, and, after the front wheels *698 of the car were on the highway, looked again to the west and saw the truck coming over the hill, whereupon she moved into the south lane of the highway, turned to tl:e east, put her car in second gear and the collision occurred.
The only other testimony with reference to the relative positions of the vehicles was given by Billy Joe Jones, driver of the pulpwood truck, and his passenger, James Caesar. The district judge rejected the testimony of these witnesses on the ground that it was “completely untrustworthy”. We think this conclusion is amply justified upon the face of the record.
Even allowing for a substantial margin of error in Mrs. McQuillin’s testimony as to the position of the approaching truck, there is no evidence in the record which affirmatively indicates that her action in entering the highway was negligent or unreasonable. Mrs. McQuillin did not attempt to estimate the speed of the approaching truck and cannot be held to the responsibility of recognizing its excessive' rate of speed. Of course, with the benefit of retrospective consideration upon the basis of full knowledge of the factual circumstances, it can reasonably be concluded that Mrs. McQuillin’s action was ill-advised. However, the unfortunate result was due to an error of judgment and not to active negligence or lack of proper and reasonable caution.
It is well established that there is a primary duty of caution upon a motorist entering a superior highway, but this requirement embraces only the responsibility for the belief of a reasonably prudent person that such an entry can be made in safety; Jones v. Travelers Ins. Co. (3rd Cir., 1963), La.App., 149 So.2d 441, citing Higginbotham v. Frazier (1st Cir., 1957, writs denied), 92 So.2d 89.
Nor is a driver required to estimate the speed of an approaching automobile. A driver, acting as an ordinary, prudent, reasonable and cautious person, unaware that an approaching vehicle some distance away is exceeding the speed limit, is not guilty of negligence in attempting to enter or cross an intersection; Easter v. Davis (4th Cir., 1963, writs denied), La.App., 153 So.2d 463, and cases therein cited.
It follows, for the reasons above advanced, that the conclusion of the trial! judge exonerating Mrs. McQuillin of negligence is correct and should be affirmed.
It becomes necessary to consider the question of quantum. The judgment appealed from awarded the plaintiff husband the principal sum of $1,827.40. This-amount should be reduced to $1,727.40, the correct total of medical expenses to the extent of $942.15; a total loss of the Mc-Quillin automobile, the value being stipulated as $250.00; cost of wrecker service in the amount of $18.00, and the loss of earnings by Mrs. McQuillin during a period of total and partial disability in the amount of $517.25. Our examination of the record is convincing as to the adequate proof of the right to recovery of these items.
Mrs. McQuillin sustained numerous lacerations and bruises of verying degrees and extent, and a fracture of the left humerus. She was hospitalized for a period of ten days; her arm remained in a cast for approximately seven weeks; for a period of some two months she was completely disabled and for several months thereafter she suffered from partial disability. Fortunately, there was no residual permanent injury. There is no question as to the fact that this- plaintiff suffered severe pain for several weeks and continued to suffer some degree of pain and discomfort even up to the time of the trial, some nine months following the accident, but we feel that the allowance made by the judgment in the sum of $5,000.00 was substantially excessive and should be reduced to $3,500.00.
The injury- to thirteen-year old Janice McQuillin consisted of a brain con *699 cussion, severe lacerations and bruises, and an injury to the nose which required incision and drainage of an abscess of the nasal spetum. The little girl was hospitalized for a period of two weeks, and for approximately three days following the accident was in a state of stupor. The concussion and contusions of the head resulted in almost constant headaches, accompanied by intermittent periods of dizziness. For a time it was feared that the injuries might result in convulsive seizures, and, after examinations of specialists in neurosurgery, Janice was placed under treatment and was still under observation and a degree of treatment at the time of trial. The testimony of medical experts on behalf of plaintiff indicated that the headaches could be expected to completely subside within an additional period oí a few months. As of the time of trial Janice had resumed her normal school and play activities and evidenced no permanent injury or disability, with the exception of the loss of approximately a quarter of an inch of septal cartilage near the tip of the nose. The sum of $6,000.00 was awarded in favor of plaintiff father on behalf of his minor child. Again we are constrained to feel that this award was somewhat excessive. Although the injuries were painful, the record does not justify the conclusion that they resulted in any substantial residual disability, and we think that an award of $4,500.00 would represent adequate compensation.
For the reasons assigned the judgment appealed from is amended to the extent of reducing the amount awarded in favor of plaintiff, Mrs. Nena Machen McQuillin, to the sum of $3,500.00, and is further amended by reducing the amount awarded in favor of the plaintiff, A. A. McQuillin, in his capacity as administrator of the estate of his minor child, Janice Maxine McQuillin, to the sum of $4,500.00, and by reducing the amount awarded the said A. A. Mc-Quillin, individually, to the sum of $1,727.-40.
As above amended, the judgment appealed from is affirmed at appellant’s cost.