181 So.2d 433 (1965)
Thomas E. SMITH, Plaintiff-Appellant,
v.
James T. HEARN et al., Defendants-Appellees.
No. 10499.
Court of Appeal of Louisiana, Second Circuit.
December 21, 1965.
*434 Dhu and Lea S. Thompson, Monroe, for appellant.
Hudson, Potts & Bernstein, Monroe, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
In this tort action plaintiff seeks damages against James T. Hearn and his insurer for personal injuries and property damage allegedly resulting from a collision between a pulpwood truck driven by Hearn and a Chevrolet automobile operated by plaintiff. From judgment rejecting plaintiff's demands he appeals.
The accident occurred in Ouachita Parish during daylight hours on a two-lane, blacktop highway running generally north and south. Plaintiff, who had backed his automobile from a private driveway leading from a residence on the east side of the highway, had completely crossed the highway and was either stopped in the west traffic lane or had just begun his forward movement south when his vehicle was struck from the rear by the loaded pulpwood truck also proceeding south.
Smith claims he backed his vehicle at a slow speed until he reached a point approximately three feet from the intersection of the driveway with the highway; that he stopped his car and looked in both directions; that he saw no one coming and recommenced backing his vehicle onto the highway; that he had straightened it up and had proceeded south in his own lane for several feet when his Chevrolet was struck. Liability against defendants is predicated principally upon the ground Hearn was operating his truck at an excessive rate of speed and was not keeping a proper lookout. Plaintiff pleaded in the alternative that, if *435 he be found guilty of negligence, defendant had the last clear chance of avoiding the collision.
Defendants contend the wreck was caused solely by the negligence of plaintiff. Hearn's version of the accident was that he was proceeding at a speed of approximately forty miles per hour; that when he was about three hundred feet north of the driveway he first noticed plaintiff backing his vehicle; that at that time plaintiff's car was moving at a slow speed and as he watched plaintiff stopped his vehicle about eight and one-half feet from the edge of the driveway; that he therefore assumed plaintiff saw him and would not back his automobile onto the highway into his path of travel. Defendant driver testified he continued driving his truck southward in his proper lane of travel but that suddenly, when he was only about 125 feet away, plaintiff backed his automobile across the road in front of him at an angle. Hearn further stated he applied his brakes and pulled to the right. Despite this maneuver his truck struck the rear of plaintiff's Chevrolet. Hearn contends he had no opportunity to avoid the accident. In the alternative defendants filed a speciel plea of contributory negligence.
This being a tort action plaintiff must show the accident was caused by some fault, negligence, imprudence or want of skill on Hearn's part. (Louisiana Civil Code Articles 2315 and 2316.) The lower court found defendant free from fault. It concluded plaintiff's negligence was the sole and proximate cause of the accident. This conclusion was based principally upon Louisiana Revised Statutes 32:124 which provides:
"Vehicle entering highway from private road, driveway, alley or building.
"The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."
The case presents purely factual questions and we agree with the conclusions reached by the trial judge who substantially adopted defendants' version of how the accident happened. It found plaintiff backed his vehicle onto the highway without keeping a proper lookout and that Hearn was not guilty of any negligence but, to the contrary, was driving his truck in a careful and prudent manner and at a reasonable speed.
The jurisprudence interpreting the cited statute has established that a motorist entering the highway from a private driveway has the primary duty of avoiding a collision with a vehicle using the main highway. He may not enter the highway until it becomes apparent to him or should become apparent to a reasonably prudent person under the same circumstances that his entrance onto the highway can be made in safety. Jones v. Travelers Ins. Co. (La. App. 3 Cir., 1963) 149 So.2d 441.
Our courts have declared that an unusual degree of care is required on the part of motorists entering a public highway from a private drive, particularly when a vehicle is backing onto the highway. See Fontana v. Borden's Company (La.App. 2 Cir., 1963) 155 So.2d 210; Josey v. Granite State Fire Ins. Co. (La.App. 2 Cir., 1960, writs denied) 122 So.2d 303 and State Farm Mutual Automobile Ins. Co. v. C & C Oil Field Servicing Company (La.App. 2 Cir., 1964) 168 So.2d 918.
The stopping of the backing motorist before entering the main thoroughfare discharges only half the duty imposed upon him; the remaining half is to maintain a proper lookout during the continuing maneuver.
*436 We find plaintiff has not discharged the two-fold duty imposed upon him by the cited statute. Having found the accident was caused solely by the negligence of Mr. Smith, we find it unnecessary to pass upon the plea of contributory negligence or the doctrine of last clear chance.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
Affirmed.