PRICE, Judge.
This is a tort action resulting' from a collision on December 22, 1964, between a *914 1962 Chevrolet automobile owned by Mr. Cecil G. Lee and driven by Mrs. Virgie A. Lee, his wife, and a 1962 Ford automobile owned by Mr. Wesley M. Winn and driven by his wife, Mrs. Gladys M. Winn. The accident occurred approximately six miles east of Springhill, Louisiana, on Louisiana Highway 157, at about 9:00 o’clock in the morning. Cecil G. Lee brought this action, seeking to collect the sum of $794.74 for damages to the Chevrolet automobile belonging to the community existing between himself and Mrs. Virgie Lee. Mrs. Lee joined in the action, claiming damages for personal injuries sustained as a result of the collision. Wesley M. Winn, a passenger in the Ford automobile at the time, was named as the sole defendant in the action. Mr. Winn filed a third party demand, alleging that Mrs. Winn was covered by a policy of liability insurance issued by Allstate Insurance Company and praying that, should judgment be rendered against him in the main demand, he should recover judgment against the third party defendant, Allstate.
Mr. and Mrs. Lee reside on the north side of Louisiana 157, which runs in an east and west direction adjacent to their property. Mrs. Lee backed the Chevrolet automobile into the highway with the intention of proceeding westerly toward Springhill. The Winn automobile, being driven by Mrs. Winn, was proceeding westerly on Louisiana 157 when it collided with the vehicle driven by Mrs. Lee.
Plaintiffs contended that Mrs. Lee had backed completely into the northerly lane and that the' vehicle was sitting at an angle in that lane, with its back wheels on the northerly shoulder of the road, when the engine died. They further alleged that the accident happened solely from the fault of Mrs. Winn in not keeping a proper lookout, by traveling at an excessive speed, and not having her car under proper control.
It was defendant’s contention that Mrs. Lee backed into the road at a time when the vehicle driven by Mrs. Winn was in such close proximity that it was impossible for her to stop. He also contended that the Lee automobile was blocking both lanes of traffic and it would have been impossible to have driven around it.
After a trial on the merits, the district judge, in a written opinion, found that the accident occurred solely from the negligence of Mrs. Winn and found no contributory negligence on the part of Mrs. Lee. Judgment was rendered in favor of Mr. Lee for $794.74 and for Mrs. Lee in the amount of $150.00. The third party demands of defendant, Mr. Winn, were rejected. The district judge held that the automobile being driven by Mrs. Winn did not meet the requirements of a “temporary substitute automobile” as set out in the automobile liability policy issued to Mrs. Winn by Allstate.
From this judgment defendant has prosecuted this suspensive appeal, assigning that the district court committed manifest error in finding Mrs. Winn guilty of negligence that was the proximate cause of the accident, and in failing to find any contributory negligence on the part of Mrs. Lee.
The testimony revealed that the weather, on the date of the accident, was cloudy and the surface of the road was wet. Louisiana Highway 157 is a two-lane blacktop road connecting Haynesville and Springhill. Approaching the site of the Lee residence from an easterly direction, there are two successive hills with a very short valley in between. The Lee residence and driveway is visible from an automobile as it crests the first of these hills. As the automobile descends into the valley between the hills a driver loses sight of the driveway of the Lee residence. As the vehicle nears the crest of the second hill the driveway area again becomes visible. From the testimony of the various witnesses it was established that the distance from the crest of the hill nearest the Lee residence to the driveway is between 250 and 300 feet.
Mrs. Winn testified that as she drove over the first hill she saw the Lee residence *915 and the Chevrolet automobile in the driveway. She further stated that she lost sight of the driveway area as she descended into the short valley and as she drove over the crest of the second hill the car was in the road at an angle with some backward motion still in progress. She testified that she immediately applied her brakes and that her automobile began to slide because of the wet surface of the road, causing her vehicle to collide with the other car. Her version of the event is corroborated by her husband, Wesley Winn, who was sitting in the right front seat.
The only other witness to the collision was Mrs. Lee, who testified that she backed into the road after looking to see that no vehicles were approaching from either direction. She further testified that the automobile engine was cold and that it stalled as she completed her backing maneuver. She described her automobile as being at an angle in the right-hand lane (for westerly traffic) with the back wheels on the gravel shoulder on the north side of the road.
The testimony of Mrs. Lee substantially corroborates the version of Mr. and Mrs. Winn in many respects, and we believe the following excerpts from the testimony of Mrs. Lee to be pertinent, to-wit:
“A. * * * The car had gone dead and I was fixing to move on when I looked up through this rear view mirror and saw Mrs. Winn’s car coming toward me and it was weaving, like that.”

“Q. Do you remember how long you had been sitting there?
“A. It wasn’t very long, just a minute * * * you know, — just real fast, I backed out and I was just fixing to crank back up and pull off and I looked up through this mirror and seen she was coming, I never did even turn the key.”
;{c í{í ‡ >fc
“Q. And approximately how far from you was the Winn vehicle when you first observed it?
“A. Oh, I — I—they may have just come over the hill, you know, when I looked up.
“Q. Just over it? What do you mean just over it, now?
“A. Well, I could see the front end of it, you know, as I stopped I could see them coming over.”

“Q. Did you tell me that when you first saw the vehicle it was weaving?
“A. Yes, sir, it sure was — it showed she was jumping on them brakes and then she skidded- — •”

“Q. And that was immediately after you had backed into the highway that you noticed this, you didn’t even have time to crank your motor up ?
“A. No.
“Q. Isn’t that right, it happened so quickly ?
“A. Yeah, it happened pretty quick.
“Q. So, as I understand your testimony then, you backed out into the highway and the car stopped and before you could crank the car back up you looked into the rear view mirror and in this instant you saw the Winn vehicle coming at you and weaving and, you say, shortly after that skidded into you?
“A. Yes, sir.”
* jfj ‡ íjí ‡ ‡ ‡
“Q. But I’m saying you made no effort to get out of the way, you didn’t crank the car or anything * *?
“A. I didn’t have time.”
Plaintiffs offered the testimony of a deputy sheriff, who had conducted an ex *916 periment to ascertain the distance that was required to stop an automobile under conditions allegedly similar to those existing at the time of this accident. We do not find the conditions to have been sufficiently identical to give much weight to the experiment. The roadway was dry on the date of the experiment and a driver with advance knowledge of a hazarodus condition will not have the same reaction time as that of an unsuspecting driver.
This action being brought under LSA-C.C. Article 2315, the plaintiffs must prove by a preponderance of the evidence that the collision was caused by some fault, negligence or want of skill on the part of Mrs. Winn.
LSA-R.S. 32:124 provides that a motorist about to enter a highway from a private driveway must stop and yield the right-of-way to all approaching vehicles so close as to constitute an immediate hazard.
In the case of Smith v. Hearn, La.App., 181 So.2d 443 at 435 (2d Cir., 1965), this court made the following comments regarding the duty of a motorist backing a vehicle onto a highway:
“Our courts have declared that an unusual degree of care is required on the part of motorists entering a public highway from a private drive, particularly when a vehicle is backing onto the highway. See Fontana v. Borden’s Company (La.App., 2 Cir., 1963) 155 So.2d 210; Josey v. Granite State Fire Ins. Co. (La.App., 2 Cir., 1960, writs denied) 122 So.2d 303 and State Farm Mutual Automobile Ins. Co. v. C & C Oil Field Servicing Company (La.App., 2 Cir., 1964) 168 So.2d 918.”
We can only conclude from the testimony in this case that plaintiffs have not borne the burden of proving negligence on the part of Mrs. Winn.
In the case of Thrash v. Continental Casualty Co., La.App., 6 So.2d 75 at 79 (2d Cir., 1941), this court stated:
“It is an established and well recognized doctrine that negligence is never presumed, and the burden of proving it rests on the one who charges its presence. Furthermore, negligence must be established with reasonable certainty and by a preponderance of the evidence, a showing of the mere possibility or probability of its existence being insufficient.”
Mrs. Lee has admitted that she looked back as she completed backing her car and that she saw the Winn car come over the hill and begin to immediately “fishtail”, which led her to believe that Mrs. Winn applied her brakes at that time. This would refute any contention that Mrs. Winn was not keeping a proper lookout.
The testimony reflects that approximately 60 to 70 feet of skidmarks were left by the Winn vehicle on a wet surface. From this evidence it may be concluded that the automobile was traveling under 50 miles per hour. We do not consider that Mrs. Winn was driving at an excessive speed under the prevailing circumstances. The last clear chance doctrine has no applicability, as Mrs. Winn was confronted with a sudden emergency. She is not to be held liable for errors of judgment when compelled to act instantly to avoid an impending collision. Cook v. Dance, La.App., 96 So.2d 350 (2d Cir., 1957).
For the foregoing reasons we find the plaintiffs have failed to prove negligence on the part of Mrs. Winn and that the district court committed manifest error in so finding. Having so concluded, we find it unnecessary to discuss the issue of liability under the Allstate policy that was issued to Mrs. Winn.
It is therefore ordered, adjudged and decreed that the judgment appealed from *917 be reversed and that there be judgment herein in favor of defendant, Wesley M. Winn, and against plaintiffs, Cecil G. Lee and Virgie A. Lee, rejecting their demands at their cost.
It is further ordered that the demands of the third party plaintiff, Wesley M. Winn, against third party defendant, Allstate Insurance Company, be rejected at his cost.