SARTAIN, Judge.
This is one of three consolidated suits, ex delicto, growing out of an accident which took place on May 8, 1966 at 11:30 P.M. o’clock in the 6100 block of Government Street in the City of Baton Rouge. The collision occurred when a 1960 Pontiac Ventura automobile, owned and operated by John R. Cooper and traveling in an easterly direction on Government Street, collided with a 1961 Buick La Sabre (owned and operated by Richard J. Eis-wirth) which had been in the process of backing out onto Government Street from a private driveway located on the south side of Government Street.
Mr. Cooper was driving alone. Accompanying Mr. Eiswirth were his daughter, Susan, and her friend, Shelia Voorhies. Susan Eiswirth was seated next to her father and Shelia Voorhies on the right of her and next to the door.
Mr. Eiswirth filed this suit individually for special damages and in his capacity as administrator of the estate of his minor daughter, Susan, for physical injuries sustained by her. The defendants are John R. Cooper and his liability insurer, United States Fidelity and Guaranty Company.
John R. Cooper filed suit against Richard J. Eiswirth and his insurer, Hardware Dealers Mutual Fire Insurance Company for personal injuries and special damages.
Mr. Ralph P. Voorhies filed suit individually and as the administrator of the estate of his minor child, Shelia Voorhies, for medical expenses incurred by him and for personal injuries sustained by his daughter. The defendants were Mr. Eiswirth and his liability insurer, Hardware Dealers Mutual Fire Insurance Company; and, John R. Cooper and his liability insurer, United States Fidelity & Guaranty Company.
The trial judge found that the accident was the result of the sole negligence of John R. Cooper and rendered judgments in these suits accordingly. It is from this judgment that John R. Cooper and his liability insurer, United States Fidelity & Guaranty Company, have appealed urging that the accident was the result of negligence of Eiswirth alone and that judgment should have been rendered accordingly; and, alternatively, that Eiswirth was guilty of negligence which contributed to the accident and that he and his insurer should be held jointly responsible for the injuries sustained by Shelia Voorhies and Susan Eiswirth.
As the facts in each case are the same, we shall discuss them here but render separate judgments in the Cooper and Voorhies cases which follow.
Mr. Eiswirth testified that he had gone to the residence of Dr. Madey in the 6100 *886 block of Government Street to pick up his daughter and Shelia Voorhies. At this point Government Street runs in an east-west direction and Dr. Madey’s home is located on the south side of Government Street. His driveway is bordered by a very high hedge which ends approximately twelve feet from the south edge of the pavement of Government Street. Mr. Eis-wirth stated that as he backed out of the Madey driveway, he stopped before the rear of his vehicle reached the edge of the pavement. He then looked to his left (east) and saw no vehicles. He next looked to his right (west) and observed the Cooper vehicle as it was near Or stopped at the intersection of Government Street and Jefferson Highway, a distance of .4 of a mile away. He then commenced his backing maneuver with the intent of backing further to the right which would permit him to turn left and proceed east on Government Street to his home. He stated that as he backed out onto the pavement he observed for the first time another vehicle traveling west on Government Street which caused him to stop his car immediately in the eastbound lane of Government Street to permit this car to pass. He stated that when he first observed the westbound car it was about 100 feet away from him. When the westbound car passed, he looked to his right and there was the Cooper car which struck him in about the time it would take to “clap his hands two or three times”. When he observed the Cooper vehicle right on him, he endeavored to put the car in forward drive, cut to his left, and try to get out of its way. He stated he moved about 10 to 15 feet forward and was headed in a southeasterly direction when the left front fender of the Cooper car struck the right side of his car at about its rear fender with the damage extending forward on the right side with the heaviest damage concentrated around the right front door post. After the accident his car was headed in a southeasterly direction with its rear on Government Street.
Mr. Eiswirth stated that the next morning, he went to the scene of the accident and with a steel tape measured the skid marks. They indicated a distance of 120 feet from the point of origin to the end. These marks were left by the left wheels of the Cooper vehicle because the right wheels were on the shoulder of the road. He also stated that Dr. Madey’s driveway was .4 of a mile from the intersection of Jefferson Highway and Government Street and that it took him forty-five seconds to travel this distance at 35 miles per hour.
Susan Eiswirth testified that as her father backed out of the driveway, he stopped at the edge of the pavement of Government Street and she looked both ways. She observed the Cooper car down at the light at the intersection of Government Street and Jefferson Highway but did not notice the car approaching from the east until just before her father had stopped to let it pass. She stated that the accident occurred a few seconds after the westbound car had passed. She stated having once looked to her right and having seen the Cooper car at the intersection she did not look again and was not aware of this vehicle until the impact. She does not recall hearing the sound of the Cooper car skidding or the horn blowing.
Shelia Voorhies testified that as Mr. Eis-wirth was backing out she was talking to Susan and “wasn’t paying any attention to the car or anything and the next thing I knew we were hit.” She had no independent recollection of whether Mr. Eiswirth stopped at the edge of the pavement nor the position of the car when the accident occurred.
Mr. John R. Cooper stated that on the afternoon of the accident between 4:00 and 5 :00 P.M. he had gone to the home of his wife’s parents for supper. Prior to supper he had had several drinks. They ate at approximately 8:30 P.M. and at 11:30 P.M. he was on his way home, traveling east on Government Street. He stated that he *887 stopped at the traffic light at Government Street and Jefferson Highway and then proceeded at a normal rate of speed of about 35 miles per hour. He did not observe the Eiswirth vehicle until it was “right on me” at which time he saw the red tail lights and it appeared to him to be backing towards him. He stated that prior to noticing the Eiswirth vehicle another car was proceeding towards him with its bright lights on. Cooper blinked his lights several times and the oncoming car then dimmed his. This oncoming car is undoubtedly the vehicle which caused Eis-wirth to stop in Cooper’s lane of travel. Cooper stated that he immediately applied his brakes, attempted to go to his right and around the Eiswirth vehicle, thus accounting for only his left wheels leaving skid marks on the pavement.
The westbound car mentioned by these parties did not stop after the accident and the driver’s identity remains unknown.
The police officers arrived shortly thereafter and an investigation was made. However, at the time of the trial the investigating officers no longer resided in Baton Rouge and were not available to testify-
On the night of the accident the weather was clear, visibility was normal and the streets were dry.
At the conclusion of the trial, the district judge dictated oral reasons for judgment. His findings of fact as to liability are as follows:
“Gentlemen, the Court has concluded from the evidence that the accident was due to the negligence of Mr. Cooper— that his negligence was the sole, proximate cause of the accident. His negligence consisting of not keeping a proper lookout, not keeping his vehicle under proper control and driving at a speed in excess of the limit. This last factor of speed is based upon the physical evidence as well as the testimony of the parties to the law suit.
The Court believes that the Iswirth (sic) vehicle had been in the street for a sufficient length of time for Mr. Cooper to have observed it and for him to have come to a stop. The Court further believes that there was no sudden backing maneuver by Mr. Iswirth (sic) into the path of Mr. Cooper. After this westbound car had passed Mr. Iswirth (sic), whether he backed further to the north in order to execute a turn to the east or whether he had not gone any further to the north and was in a forward motion, the Court thinks it is immaterial because sufficient time had passed between the time Mr. Iswirth (sic) got out into the street and the impact to have allowed Mr. Cooper to observe and stop. Assuming that at some point Mr. Cooper did see Mr. Iswirth (sic) as he was backing, from the evidence Iswirth (sic) had been in the street several seconds and Cooper did not observe him in time. He could have observed him in time had he been keeping a proper lookout. This, combined with a speed in excess of 35 miles per hour, constitutes the negligence that is the sole cause of the accident.
In order to find Mr. Iswirth (sic) guilty of negligence the Court would have to believe that he backed out suddenly or at a time when Mr. Cooper was so close that it constituted an immediate hazard. The evidence is not to that effect. The evidence is to the contrary and the Court does not believe that the accident occurred in that manner.”
For reasons hereinafter stated we must disagree with these findings by the trial judge and hold that he committed manifest error in concluding that the accident was the sole result of negligence of Mr. Cooper. We recognize full well the rule that findings of fact by the trial judge are accorded great weight and should not be set aside on appeal unless such findings clearly constitute manifest error.
Accordingly, we respectfully disagree with the judge a quo when he deter *888 mined that Mr. Eiswirth did not back out suddenly onto Government Street; that Mr. Eiswirth had been in this position for a sufficient period of time to be seen by Mr. Cooper; and, that Mr. Cooper’s speed was excessive under the circumstances and a contributing cause to the accident.
The testimony of the witnesses as above related clearly shows that Mr. Eiswirth undertook an extremely hazardous maneuver by backing out of a private driveway which was hidden by a dense, high growth of shrubbery. The testimony of all parties is to the effect that the accident occurred within a matter of seconds, commencing v/ith Eiswirth’s stopping on the shoulder ground, backing out onto Government Street, permitting a westbound car to pass, and then being struck by the Cooper vehicle. The inattention of Mr. Eiswirth is highlighted by the fact that when he commenced backing from the shoulder ground onto the street he did not even see the westbound car. There was absolutely no reason for Mr. Eiswirth’s failure to see this vehicle and he offered no excuse. Additionally, Mr. Eiswirth stated that he observed the Cooper vehicle only once and then when it was at the stop light .4 of a mile away. If it would take forty-five seconds to travel from the stop light to the scene of the accident as Mr. Eiswirth stated, he had ample time to take corrective measures. The testimony of all parties completely negates the proposition that the series of events leading up to this accident consumed anywhere near forty-five seconds. It must also be noted that Eiswirth observed the Cooper vehicle once, knew of its presence, and did not look again in its direction until the accident occurred. He was under a duty to remain aware of the approaching vehicle and he could have avoided the accident by simply driving a distance of twelve feet back onto the shoulder ground or' into the driveway from whence he came.
Mr. Eiswirth’s own testimony convicts him of negligence when he unequivocally stated on two occasions, once in response to questions by the court, and another under cross examination, that even if he had not had to stop for the westbound vehicle he still would not have had time to complete his backing and turning maneuver before being struck by the Cooper vehicle. There is no dispute on this point.
The trial judge undoubtedly relied upon the length of the skid marks in determining that the Cooper vehicle was traveling at a fast and excessive rate of speed. These skid marks were caused by the left wheels of the Cooper vehicle. No evidence was given relating these skid marks to the speed of the Cooper vehicle. Assuming ar-guendo that 120 feet is a factor to be considered, such factor standing alone does not in our opinion lead to the conclusion that the vehicle was traveling at a high q.nd excessive rate of speed or if it was that such speed was a contributing cause to the accident.
In essence, we are convinced that Mr. Eiswirth backed out of a private driveway which was well hidden by shrubbery onto a major thoroughfare without exercising the caution and attention that are required by law.
L.R.S. 32:124 requires that when a vehicle is about to enter a highway from a private driveway it shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. See Smith v. Hearn, La.App., 181 So.2d 433; Jones v. Travelers Insurance Co., La.App., 149 So.2d 441; O’Stean v. Safeco Insurance Company of America, La.App., 192 So.2d 620.
Counsel for Eiswirth contends that the duty of a motorist entering a superior highway embraces only the responsibility for the belief of a reasonably prudent person that such entry could be made with safety. This rule is recognized and is supported by McQuillin v. Travelers Indemnity Company, La.App., 171 So.2d 691, 698 and Jones v. Travelers Insurance Company, supra. However, the rule announced in these cases are not applicable here be *889 cause the facts presented in the case at bar and these cited authorities are inapposite.
We have also considered the citations by counsel for plaintiff of Fidelity and Casualty Company of New York v. Employers Liability Assurance Corporation, La.App., 205 So.2d 623, which announces the rule that when two vehicles are proceeding in the same direction and the one in the rear collides with the rear of the preceding vehicle, the driver of the following vehicle has the burden of proving that he is free from negligence causing the accident. The case before us does not involve a rear-end collision. The left front of the Cooper vehicle collided with the right side of the Eis-wirth vehicle. This occurred when Mr. Eiswirth endeavored to beat a hasty exit from a position of danger where he had inadvertently placed himself.
Having determined that the accident was the sole result of the negligence of Mr. Eis-wirth, his claims individually and as the administrator of the estate of his minor daughter, Susan, against Mr. Cooper and United States Fidelity & Guaranty Company must fall. While Mr. Cooper and his insurer did assert third party claims against Eiswirth and his insurer, such claims were predicated upon a finding of negligence on the part of Cooper which contributed to the accident. Mr. Eiswirth did not assert any claim against his own insurer for the injuries sustained by his daughter.
Accordingly, for the above and foregoing reasons the judgment of the district court in favor of Mr. Eiswirth, individually and as the administrator of the estate of his minor daughter against Mr. John R. Cooper and his insurer, United States Fidelity & Guaranty Company, is reversed, annulled and set aside; and, judgment is rendered herein in favor of defendants, Mr. Cooper and United States Fidelity & Guaranty Company, dismissing plaintiff’s claims against them at plaintiff’s costs.
Reversed and rendered.