SARTAIN, Judge.
This is the third of three cases consolidated for trial. In the instant matter, Ralph P. Voorhies, individually and as the administrator of the estate of his minor daughter, Shelia A. Voorhies, seeks special damages incurred by him together with damages for personal injuries sustained by his minor daughter.
The defendants are Richard J. Eiswirth and his public liability insurer, Hardware Dealers Mutual Fire Insurance Company; and, John R. Cooper and his public liability insurer, United States Fidelity and Guaranty Company.
Judgment in the trial court was rendered in favor of the plaintiff, individually, in the amount of $327.83 and in favor of plaintiff, as administrator of the estate of his minor daughter, in the amount of $4,-500.00, said judgments were rendered against John R. Cooper and United States Fidelity and Guaranty Company. The claims against Richard J. Eiswirth and Hardware Dealers Mutual Fire Insurance Company were dismissed.
Defendants, John R. Cooper and United States Fidelity and Guaranty Company, have taken a suspensive appeal and Ralph P. Voorhies has taken a devolutive appeal from the judgment of the district court.
Defendants, John R. Cooper and United States Fidelity and Guaranty Company urge that the trial judge’s decision casting them for damages is in error and should be reversed.
Ralph P. Voorhies in his appeal contends that the judgment of the district court is erroneous in that judgment should have been rendered against both John R. Cooper and Richard J. Eiswirth, together with their respective insurers. Mr. Voorhies also urges that the sum of $4,500.00 awarded for personal injuries to his daughter is inadequate and should be increased.
For reasons stated by us this day in the case of Richard J. Eiswirth v. John R. Cooper et al., 223 So.2d 884, we hold that the judgment rendered in this instant matter against John R. Cooper and United States Fidelity and Guaranty Company must be reversed and in its stead plaintiff is entitled to a judgment against Richard J. *892 Eiswirth and his insurer, Hardware Dealers Mutual Fire Insurance Company.
The special damages sustained by Mr. Voorhies amounting to $327.83 was stipulated and there is no disagreement concerning this sum.
However, with respect to the personal injuries sustained by Shelia Voorhies, we are of the opinion that the award of $4,-500.00 is inadequate and should be increased to the sum of $6,500.00.
With respect to the injuries of Miss Voorhies the trial judge stated:
“ * * * The Court finds that the minor child, Shelia Voorhies, sustained a non-displaced fracture of the body of the sacrum, a non-displaced fracture of the Superior ramus of the right pelvic bone and sustained strains of the supporting muscles and ligaments. This minor suffered intense or severe pain for a period of approximately one month or six weeks. The pain and discomfort subsided gradually following that length of time but has persisted to some small extent to date. She was discharged approximately nine months after the accident but there were frequent telephone contacts thereafter between her mother and the attending physician. This child has basically recovered approximately six months after the accident without any residual disability and the Court thinks it is fair to say that she substantially recovered approximately three months following the accident. The Court believes that for the injuries sustained by his minor child and for the pain and suffering she experienced as a result thereof an award of $4,500.00 is proper. Judgment is, therefore, rendered in favor of the plaintiff, Ralph E. Vooh-ries, (sic) for and on behalf of the said minor child and against the same two defendants, for $4,500.00. * * * ”
We note from the trial judge’s opinion that whereas he may have considered certain additional items that are not mentioned in his reasons for judgment. These items in our opinion render the sum of $4,500.00 inadequate. In addition to the injuries sustained by Miss Voorhies as set out above, she was confined to her bed for a period of three weeks and suffered intense and severe pain for a period of approximately six weeks. After she was given permission to get out of bed her movement was confined to the home and with the use of crutches for another month. On June 15, 1966, she was fitted for a sacroilliac corset which she was required to wear until October, 1966. Her physical activity was seriously restricted through the first half of the fall semester of 1966. Her treating physician, Dr. Allen Jackson, an orthopedic specialist, stated that her convalescence was prolonged and that whereas the severeness of her suffering subsided in due time she was still experiencing some soreness of the lower back. This was the result of his examination of March 8, 1968, some two years following the accident. The doctor stated that although Miss Voor-hies’ severe pain subsided approximately six weeks after the accident she endured “gnawing or nagging” pain for approximately a year following the accident.
Accordingly, for the above and foregoing reasons the judgment of the district court in the instant case in favor of plaintiff, Ralph P. Voorhies, individually and for the use and benefit of his minor daughter, Shelia Voorhies, and against John R. Cooper and United States Fidelity and Guaranty Company, in solido, is reversed, annulled and set aside and judgment is rendered herein in favor of Ralph P. Voorhies individually and in the sum of $327.83, and as the administrator of the estate of his minor daughter, Shelia A. Voorhies, in the amount of $6,50(1.00 against the defendants, Richard J. Eiswirth and Hardware Dealers Mutual Fire Insurance Company, in solido, together with interest thereon at the legal rate from date of judicial demand until paid and for all costs of this suit.
Reversed and rendered.