SAMUEL, Judge.
Defendant has appealed from a judgment, in favor of both plaintiffs in the total amount of $295, resulting from a collision between two automobiles driven, respectively, by defendant, Prine, and one of the plaintiffs, Melerine.
Six witnesses testified at the trial of the matter, three on behalf of plaintiffs (the driver and guest passenger in the plaintiff vehicle and the investigating deputy sheriff) and three on behalf of defendant (the driver and guest passenger in the defendant vehicle and that driver’s then girl -friend, now wife, who observed the collision from her front yard).
The plaintiff driver testified he was traveling on LeBeau Street in Chalmette proceeding in a northerly direction at a speed of approximately 15 to 20 miles per hour when the automobile driven by the defendant suddenly backed out of a private driveway on his left onto LeBeau Street directly in his path. He immediately applied his brakes and turned to the right in an effort to avoid the collision, but his vehicle struck the defendant car in the area of its left tail light and bumper. Damage to the plaintiff vehicle was to the left front and part of the grill. The other plaintiff, the passenger in that vehicle, was generally in accord with the testimony of the plaintiff driver. The testimony of the deputy sheriff neither adds nor detracts from the remaining testimony adduced at the trial.
The defendant driver testified he backed out and stopped at the end of the driveway, looking both ways. He saw no approaching vehicle and proceeded to back into LeBeau Street, turning the car so that he could proceed in a northerly direction. Upon completing the backing maneuver, he stopped the car and then started ahead. He was struck in the rear by the plaintiff vehicle when his car was almost parallel to the eastern sidewalk and curb of LeBeau Street. The other two defendant witnesses were generally in accord with the testimony of the defendant driver. None of them saw the plaintiff vehicle prior to the colli'sion.
In this court appellant contends the plaintiffs have failed to sustain their burden of proof, and therefore are not entitled to a judgment, because of the conflict in the testimony of the two sets of witnesses and the absence of corroborating evidence or circumstances. We do not agree.
Even if the defense testimony is accepted, in view of the high degree of care imposed upon the driver of an automobile entering a public highway. from a private driveway, particularly when the vehicle is backing into the highway,[1] it appears plaintiffs would be entitled to a judgment. However, we do not consider or decide that question because we are satisfied the trial judge accepted the plaintiff version of how the accident occurred and we find no manifest error therein. Quite clearly, under the facts established by the plaintiff testimony, the judgment is correct.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. Travelers Insurance Company v. Harris, La.App., 294 So.2d 588; Smith v. Hearn., La.App., 181 So.2d 433; Fontana v. Borden’s Company, La.App., 155 So.2d 210; Josey v. Granite State Fire Insurance Company, La.App., 122 So.2d 303.